IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:06-CR-00088-FDW

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | |
| | ) | ORDER |
| (1) ANTONIO MAURICE CRAIG, | ) | |
| Defendant. | ) | |

THIS MATTER comes before the Court on Defendant Motion for Sentence Reduction under the First Step Act of 2018. (Doc. No. 109). For the reasons that follow, Defendant's motion is DENIED.

**I. BACKGROUND**

In March of 2005, police were looking for Defendant's half-brother, George Johnson, who was suspected of having committed an armed robbery. (Doc. No. 95, p. 3). Police learned that Johnson might be in Defendant's company and stopped a car he was driving. Id. Johnson was in the passenger's seat. Id. When officers approached the car and asked Defendant and Johnson to put their hands up and get out of the car, Defendant refused, putting his hand down by his right side. Id. Police removed Defendant from the car and found a large plastic bag containing one rock of crack cocaine where he had been reaching. Id. Searching Defendant and the car, police found another rock in his pants and a third rock under the seat where Johnson had been sitting. Id.

Two weeks later, police searched Defendant's home based on suspected drug activity at the residence. (Doc. No. 95, p. 4). Police found a firearm and ammunition in the home, along with 5 grams of crack cocaine on a woman who later told police that Defendant had asked her to hide the crack in her underwear. Id.

1

At the time Defendant was arrested, he had previously been convicted of six counts of common-law robbery — robberies he committed between 1998 and 2002. (Doc. No. 95, p. 7-8). Defendant received a suspended sentence for one of those robberies but violated the conditions of his probation, resulting in his serving a custodial sentence. Id. He was released from that prison term less than two years before police found the crack cocaine in his car and home. (Doc. No. 95. p. 3, 7).

A federal grand jury indicted Defendant and charged him with conspiracy to possess with intent to distribute at least 50 grams of crack cocaine; and two counts of possessing with intent to distribute at least 5 grams of crack cocaine. (Doc. No. 20, p. 1–2). Defendant proceeded to trial, and a jury found him guilty of the drug-trafficking-conspiracy offense and one of the two substantive drug-trafficking offenses. (Doc. Nos. 64, 95). The jury also found that less than 5 grams of crack cocaine were attributable to Defendant. (Doc. No. 95).

This Court's probation office submitted a presentence report and calculated a base offense level of 24 based on Defendant's responsibility for at least 4 but less than 5 grams of crack cocaine. Id. Based on Defendant's prior crimes of violence, the probation officer also classified him as a career offender, yielding a total offense level of 32. Id. The probation officer determined that the Sentencing guidelines advised a sentence of between 210 and 262 months in prison. Id. The probation officer noted that Defendant's offenses carried a statutory maximum of 240 months in prison and that Sentencing Guidelines § 5G1.2(d) advised running the sentences consecutively, "but only to the extent necessary to produce a combined sentence equal to the total punishment." Id.; U.S.S.G. § 5G1.2(d).

This Court sentenced Defendant to 240 months in prison in the middle of the range advised by the Sentencing Guidelines. (Doc. No. 73, p. 2.) During Defendant's sentencing hearing, this

2

Court heard evidence that he was a leader of the "West Trade Bloods," a street gang operating in the West Trade neighborhood of Charlotte responsible for shootings, narcotics trafficking, and assaults. (Doc. No. 82). This Court also heard evidence that while Defendant was incarcerated in the Mecklenburg County jail, an officer at the jail asked him to go into lockdown in response to a bomb threat. Id. Defendant refused to go and assaulted the officer, shoving him, scratching him, biting him on the neck and cheek, and repeatedly punching him in the face. Id. Explaining its decision to sentence Defendant to 240 months in prison, this Court observed that he had lived "[a] very serious life of crime" and was "incapable of being a law-abiding citizen." Id. The Court explained that a lengthy sentence was needed to promote respect for the law and to protect the public," because Defendant was not "serious about rehabilitation." Id. The Court noted that it had read letters from Defendant's family, reflecting his children's love for him, but found that a sentence of 240 months was sufficient but not greater than necessary to accomplish the sentencing objectives described in 18 U.S.C. § 3553(a). Id. Defendant now asks this Court to reduce his sentence under the First Step Act.

## II. DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER THE FIRST STEP ACT

In his Motion, Defendant states he is eligible for a reduced sentence because he was convicted of a pre-Aust 3, 2020, crack-cocaine offense, which were modified by the Fair Sentencing Act. (Doc. No. 109). Defendant also states that a sentence reduction to time served would accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a) and properly balance the seriousness of the offense with his exemplary conduct over 13 years in prison. Id.

Defendant's Motion for Resentencing seeks relief under Section 404 of the First Step Act. (Doc. No. 109). Section 404 gave retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. See First Step Act, Pub. L. No. 115- 391, § 402(a), 132 Stat.

5194, 5221 (2018). Section 404(b) of the Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010, (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222.

The Fourth Circuit explained in <u>United States v. Wirsing</u> that this definition of "covered offense" means that "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) . . . are eligible" for a sentence reduction under section 404 of the First Step Act, unless they have already moved for relief under section 404 or they received the benefit of the Fair Sentencing Act when they were sentenced. 943 F.3d 175, 186 (4th Cir. 2019); <u>see</u> <u>also</u> Section 404(c) of the First Step Act, 132 Stat. at 5222. The Fourth Circuit held in <u>United States v. Woodson</u> that a defendant convicted under the default punishment provision of 21 U.S.C. § 841(b)(1)(C) for possessing with intent to distribute crack cocaine has also been convicted of a "covered offense," because by increasing the drug-quantity thresholds of section 841(b)(1)(A)(iii) and (B)(iii), the Fair Sentencing Act also altered the default drug quantity that would place a defendant's offense in section 841(b)(1)(C) by increasing the drug-quantity threshold for that section. 962 F.3d 812, 816 (4th Cir. 2020).

Taken together, <u>Wirsing</u> and <u>Woodson</u> mean that any defendant convicted of a crack cocaine offense punishable by 21 U.S.C. § 841(b)(1) before the effective date of the Fair Sentencing Act is eligible for a sentence reduction under the First Step Act, unless he has already sought and been denied such a reduction or he received the benefit of the Fair Sentencing Act when he was originally sentenced. Defendant is eligible for a *discretionary* reduction of his sentence under the First Step Act, because he was convicted of a "covered offense" for which the First Step Act authorizes a reduced sentence. He pleaded guilty to possessing with intent to

4

distribute crack cocaine, and Wirsing and Woodson make clear that his crack cocaine offense is a "covered offense" under section 404(a) of the First Step Act.

Even if Defendant is eligible for a sentence reduction, however, the Court still denies the request because it is not warranted under the applicable § 3553(a) factors. See United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). Before reducing a Defendant's sentence, the Court must consider whether release is warranted given the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Defendant has a long criminal history which includes the use of violence, common-law robbery, and malicious conduct. (Doc. No. 95, *sealed*). Additionally, Defendant has a history of attacking law enforcement officers—by punching, scratching, and biting—while incarcerated. (Doc. No. 82, p. 37-28). Defendant was sentenced in the immediate case for a significant drug-trafficking-conspiracy. (Doc. No. 64). The Court also heard evidence that Defendant was a leader of the "West Trade Bloods," a street gang in Charlotte responsible for shootings, drug trafficking, and assaults. (Doc. No. 82). The seriousness of the Defendant's criminal history and the sentence imposed against him must be considered when the Court asks itself if releasing him will serve the interests of general or individual deterrence. The Court recognizes the seriousness of Defendant's offense, the necessity to provide just punishment, and Defendant's persistence in breaking the law. The Court must protect the public from the possible danger of Defendant's continued narcotics

behaviors, when deciding whether to reduce the sentencing, thereby promoting specific deterrence. Thus, Defendant's release is not warranted under the relevant § 3553(a) factors due to his potential danger to the public.

### III. CONCLUSION

For the foregoing reasons, Defendant Antonio Maurice Craig's Motion for Sentence Reduction under the First Step Act (Doc. No. 109) is **DENIED**.

IT IS SO ORDERED.

Signed: November 16, 2020

Frank D. Whitney
United States District Judge